[Doc. No.    ]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No. 19-00895 (NLH/JS) |
| : | |
| **JOHN DOE SUBSCRIBER ASSIGNED** : | |
| **IP ADDRESS 76.116.95.148,** : | |
| : | |
| Defendant. : | |
| _____ : | |

**O R D E R**

This matter is before the Court on a remand from the District Court for entry of a Protective order, pursuant to Fed. R. Civ. P. 26(c), to address the "balancing on the one hand the public's right of access to court proceedings and on the other hand any legitimate privacy interests to be identified by the court." The Court held a conference call with counsel for plaintiff, Strike 3 Holdings, LLC, on July 22, 2020 to discuss how plaintiff proposes to proceed in these matters.

The Third Circuit has recognized a "presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir. 1993). However, although there is a presumptive right of public access to judicial proceedings and

1

records, district courts have recognized that such right is not absolute; and further, that the presumption may be rebutted. In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001).

To overcome the presumption of openness, and to justify the entry of an order sealing judicial records, requires the demonstration of two elements: (1) a substantial and compelling interest in confidentiality; and (2) that divulgence would work a clearly defined and serious injury to the party seeking non-disclosure. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994). Once these elements are established, the Court must engage in a balancing process, weighing the common law presumption of access against those factors that militate against access. In re Cendant Corp., 260 F.3d at 194; see also Republic of Philippines v. Westinghouse Elec. Corp., 949 F.3d 653, 662 (3d Cir. 1991) (a presumption of access alone does not end the court's inquiry as the right to access judicial records is not absolute; indeed, a "presumption is just that" and may therefore be rebutted).

On September 30, 2016, the United States District Court for the District of New Jersey adopted Local Civil Rule 5.3, entitled "CONFIDENTIALITY ORDERS AND RESTRICTING PUBLIC ACCESS UNDER CM/ECF," which sets forth the relevant procedural rules for filing documents under temporary seal by parties and which empowers the Court to permanently seal documents.

Fed. R. Civ. P. 26(c) provides, in relevant part, that a court may "for good cause shown, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

Plaintiff Strike 3 Holdings, LLC has consented to the entry of this Protective Order.

Accordingly, for the reasons set forth by the District Court, and for the foregoing reasons,

IT IS HEREBY ORDERED this 23rd day of July 2020 that plaintiff shall not publicly disclose any information identifying the defendant and/or any person associated with the defendant or IP address, including, but not limited to, alleged social media evidence and alleged BitTorrent activity, absent express permission by this Court; and it is further

ORDERED that plaintiff shall attach a copy of this Order along with the attached "Notice to Defendant" and "Anonymous Pro Se Defendant Information" form to any ISP subpoena or Amended Complaint served in this matter; and it is further

ORDERED that, in the event the defendant elects to (1) proceed anonymously, (2) files a motion to quash or otherwise modify the subpoena on the ISP, and (3) files an Anonymous Pro Se Defendant Form, the Clerk of the Court shall not file the Anonymous Pro Se Defendant Information form on the public docket, but shall file that information under temporary seal until otherwise ordered by

3

the Court.  The Clerk shall file a redacted version of the Anonymous Pro Se Defendant Information form on the public docket, removing all information entered by the defendant; and it is further

ORDERED that plaintiff is prohibited from initiating, directly or indirectly, any settlement communications with defendant (or any person associated with defendant or the IP address), unless (1) that party is represented by counsel and (2) their counsel initiates settlement discussions.  On request of plaintiff or an unrepresented party, submitted to the Court at any time, settlement shall be conducted under supervision of the Court.  This paragraph shall not prevent plaintiff from responding to a request for settlement communications from a represented party, and the parties may engage in settlement negotiations without court supervision if both are represented by counsel; and it is further

ORDERED that plaintiff shall only identity defendant, and/or any person associated with defendant or the IP address, with an appropriate "Doe" pseudonym in the captions of amended pleading(s) and any documents filed publicly with the Court; and it is further

ORDERED that all documents identifying the defendant and/or any person associated with the defendant or the IP address, including alleged social media evidence and alleged BitTorrent activity, shall only be filed in redacted form, with unredacted

Case 1:19-cv-00895-NLH-JS Document 170 Filed 07/24/20 Page 4 of 20 PageID: 766

versions filed under temporary seal, pursuant to L. Civ. R. 5.3(c); and it is further

ORDERED that, unless the parties agree otherwise, plaintiff shall have primary responsibility for filing a single, consolidated motion on behalf of all the parties to permanently seal documents filed under temporary seal, pursuant to L. Civ. R. 5.3(c); and it is further

ORDERED that for purposes of calculating the deadline to file a single consolidated motion on behalf of the parties to permanently seal the Amended Complaint, Civil Cover Sheet, Proof of Service, and/or Waiver of Service in this matter, such motion shall be filed within fourteen (14) days of the expiration of the deadline to answer, move, or otherwise respond to the Amended Complaint; and it is further

ORDERED that if the defendant (and/or any person associated with the defendant or IP address) declines, or does not respond to requests, to join in the motion to seal the Amended Complaint, Civil Cover Sheet, Proof of Service, and/or Waiver of Service in this matter by providing an affidavit, declaration, certification or other document of the type referenced in 28 U.S.C. § 1746, based on personal knowledge, describing with particularity the factors outlined L. Civ. R. 5.3(c)(3), plaintiff shall promptly notify the Court and request a determination of whether the documents should nevertheless be permanently sealed; and it is further

ORDERED that after defendant is served with process (or waives service of process), the parties shall meet-and-confer prior to the Rule 26(f) conference to discuss submission to the Court of (1) a proposed Discovery Confidentiality Order ("DCO") and (2) a proposed Electronically Stored Information ("ESI") Protocol. See L. Civ. R. 26.1(d); and it is further

ORDERED for good cause the Court reserves the right to amend or supplement this Order.

                                              _____
                                              JOEL SCHNEIDER
                                              United States Magistrate Judge

**NOTICE TO DEFENDANT**

1. You are a defendant in the above-captioned case *Strike 3 Holdings, LLC, v. John Doe Subscriber Assigned IP Address 76.116.95.148*, Dkt. No. 1:19-cv-00895-NLH-JS, a case now pending before the Honorable Noel L. Hillman, U.S.D.J., and Joel Schneider, U.S.M.J. of the United States District Court for the District of New Jersey, Camden Vicinage.

2. A copy of the Court's order setting forth certain deadlines and procedures related to this case is attached.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, please be advised that all communications with the Court should be directed through the Clerk of the Court. A copy of the Court's Procedural Guide for Pro Se Litigants is available at: https://www.njd.uscourts.gov/sites/njd/files/ProSeGuide.pdf. ("Pro Se Guide").

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed movies by using an Internet Protocol address ("IP address") assigned to you by your Internet Service Provider ("ISP").

5. The plaintiff may not know your actual name or address, but it does know the IP address it alleges is associated with the alleged downloading and/or distribution of the movies.

7

6.  Although the Court has permitted plaintiff to serve a subpoena on your ISP to ascertain your identity, this does <u>not</u> mean that plaintiff has proven its claim against you.

7.  If you do not want your ISP to provide this information to the plaintiff <u>and</u> you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 30 days of the date that you receive notice of the subpoena from your ISP. This motion must be filed with the Clerk of the Court. <u>See</u> L. Civ. R. 5.2(4); 7.1(d). You must also serve plaintiff's counsel with a copy of the motion. <u>See</u> Fed. R. Civ. P. 5. The plaintiff's counsel in this matter is registered as an Electronic Case Filing ("ECF") Filing User and, therefore, has consented to receive service of all papers via the Court's ECF System. <u>See</u> L. Civ. R. 5.2(14)(b)(1). You may also register to receive documents concerning this case electronically using the "Pro Se (Non Prisoner) Consent & Registration Form to Receive Documents Electronically" Form contained in the Pro Se Guide.

8.  If you move to quash the subpoena, or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you must complete the "Anonymous Pro Se Defendant Information" form attached to this notice and file it with the Clerk of the Court. You should <u>not</u> provide a copy of

[Doc. No.   ]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| **STRIKE 3 HOLDINGS, LLC,** | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 19-00895 (NLH/JS) |
| **JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 76.116.95.148,** | : | |
| Defendant. | : | |

## O R D E R

This matter is before the Court on a remand from the District Court for entry of a Protective order, pursuant to Fed. R. Civ. P. 26(c), to address the "balancing on the one hand the public's right of access to court proceedings and on the other hand any legitimate privacy interests to be identified by the court." The Court held a conference call with counsel for plaintiff, Strike 3 Holdings, LLC, on July 22, 2020 to discuss how plaintiff proposes to proceed in these matters.

The Third Circuit has recognized a "presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir. 1993). However, although there is a presumptive right of public access to judicial proceedings and

1

records, district courts have recognized that such right is not absolute; and further, that the presumption may be rebutted. <u>In re Cendant Corp.</u>, 260 F.3d 183, 194 (3d Cir. 2001).

To overcome the presumption of openness, and to justify the entry of an order sealing judicial records, requires the demonstration of two elements:  (1) a substantial and compelling interest in confidentiality; and (2) that divulgence would work a clearly defined and serious injury to the party seeking non-disclosure. <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 787 (3d Cir. 1994).  Once these elements are established, the Court must engage in a balancing process, weighing the common law presumption of access against those factors that militate against access. <u>In re Cendant Corp.</u>, 260 F.3d at 194; <u>see also</u> <u>Republic of Philippines v. Westinghouse Elec. Corp.</u>, 949 F.3d 653, 662 (3d Cir. 1991) (a presumption of access alone does not end the court's inquiry as the right to access judicial records is not absolute; indeed, a "presumption is just that" and may therefore be rebutted).

On September 30, 2016, the United States District Court for the District of New Jersey adopted Local Civil Rule 5.3, entitled "CONFIDENTIALITY ORDERS AND RESTRICTING PUBLIC ACCESS UNDER CM/ECF," which sets forth the relevant procedural rules for filing documents under temporary seal by parties and which empowers the Court to permanently seal documents.

Fed. R. Civ. P. 26(c) provides, in relevant part, that a court may "for good cause shown, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

Plaintiff Strike 3 Holdings, LLC has consented to the entry of this Protective Order.

Accordingly, for the reasons set forth by the District Court, and for the foregoing reasons,

IT IS HEREBY ORDERED this 23rd day of July 2020 that plaintiff shall not publicly disclose any information identifying the defendant and/or any person associated with the defendant or IP address, including, but not limited to, alleged social media evidence and alleged BitTorrent activity, absent express permission by this Court; and it is further

ORDERED that plaintiff shall attach a copy of this Order along with the attached "Notice to Defendant" and "Anonymous Pro Se Defendant Information" form to any ISP subpoena or Amended Complaint served in this matter; and it is further

ORDERED that, in the event the defendant elects to (1) proceed anonymously, (2) files a motion to quash or otherwise modify the subpoena on the ISP, and (3) files an Anonymous Pro Se Defendant Form, the Clerk of the Court shall not file the Anonymous Pro Se Defendant Information form on the public docket, but shall file that information under temporary seal until otherwise ordered by

3

the Court. The Clerk shall file a redacted version of the Anonymous Pro Se Defendant Information form on the public docket, removing all information entered by the defendant; and it is further

ORDERED that plaintiff is prohibited from initiating, directly or indirectly, any settlement communications with defendant (or any person associated with defendant or the IP address), unless (1) that party is represented by counsel and (2) their counsel initiates settlement discussions. On request of plaintiff or an unrepresented party, submitted to the Court at any time, settlement shall be conducted under supervision of the Court. This paragraph shall not prevent plaintiff from responding to a request for settlement communications from a represented party, and the parties may engage in settlement negotiations without court supervision if both are represented by counsel; and it is further

ORDERED that plaintiff shall only identity defendant, and/or any person associated with defendant or the IP address, with an appropriate "Doe" pseudonym in the captions of amended pleading(s) and any documents filed publicly with the Court; and it is further

ORDERED that all documents identifying the defendant and/or any person associated with the defendant or the IP address, including alleged social media evidence and alleged BitTorrent activity, shall only be filed in redacted form, with unredacted

4

versions filed under temporary seal, pursuant to L. Civ. R. 5.3(c); and it is further

ORDERED that, unless the parties agree otherwise, plaintiff shall have primary responsibility for filing a single, consolidated motion on behalf of all the parties to permanently seal documents filed under temporary seal, pursuant to L. Civ. R. 5.3(c); and it is further

ORDERED that for purposes of calculating the deadline to file a single consolidated motion on behalf of the parties to permanently seal the Amended Complaint, Civil Cover Sheet, Proof of Service, and/or Waiver of Service in this matter, such motion shall be filed within fourteen (14) days of the expiration of the deadline to answer, move, or otherwise respond to the Amended Complaint; and it is further

ORDERED that if the defendant (and/or any person associated with the defendant or IP address) declines, or does not respond to requests, to join in the motion to seal the Amended Complaint, Civil Cover Sheet, Proof of Service, and/or Waiver of Service in this matter by providing an affidavit, declaration, certification or other document of the type referenced in 28 U.S.C. § 1746, based on personal knowledge, describing with particularity the factors outlined L. Civ. R. 5.3(c)(3), plaintiff shall promptly notify the Court and request a determination of whether the documents should nevertheless be permanently sealed; and it is further

5

ORDERED that after defendant is served with process (or waives service of process), the parties shall meet-and-confer prior to the Rule 26(f) conference to discuss submission to the Court of (1) a proposed Discovery Confidentiality Order ("DCO") and (2) a proposed Electronically Stored Information ("ESI") Protocol. See L. Civ. R. 26.1(d); and it is further

ORDERED for good cause the Court reserves the right to amend or supplement this Order.

_____
JOEL SCHNEIDER
United States Magistrate Judge

**NOTICE TO DEFENDANT**

1. You are a defendant in the above-captioned case *Strike 3 Holdings, LLC, v. John Doe Subscriber Assigned IP Address 76.116.95.148*, Dkt. No. 1:19-cv-00895-NLH-JS, a case now pending before the Honorable Noel L. Hillman, U.S.D.J., and Joel Schneider, U.S.M.J. of the United States District Court for the District of New Jersey, Camden Vicinage.

2. A copy of the Court's order setting forth certain deadlines and procedures related to this case is attached.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, please be advised that all communications with the Court should be directed through the Clerk of the Court. A copy of the Court's Procedural Guide for Pro Se Litigants is available at: https://www.njd.uscourts.gov/sites/njd/files/ProSeGuide.pdf. ("Pro Se Guide").

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed movies by using an Internet Protocol address ("IP address") assigned to you by your Internet Service Provider ("ISP").

5. The plaintiff may not know your actual name or address, but it does know the IP address it alleges is associated with the alleged downloading and/or distribution of the movies.

7

6. Although the Court has permitted plaintiff to serve a subpoena on your ISP to ascertain your identity, this does <u>not</u> mean that plaintiff has proven its claim against you.

7. If you do not want your ISP to provide this information to the plaintiff <u>and</u> you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 30 days of the date that you receive notice of the subpoena from your ISP. This motion must be filed with the Clerk of the Court. <u>See</u> L. Civ. R. 5.2(4); 7.1(d). You must also serve plaintiff's counsel with a copy of the motion. <u>See</u> Fed. R. Civ. P. 5. The plaintiff's counsel in this matter is registered as an Electronic Case Filing ("ECF") Filing User and, therefore, has consented to receive service of all papers via the Court's ECF System. <u>See</u> L. Civ. R. 5.2(14)(b)(1). You may also register to receive documents concerning this case electronically using the "Pro Se (Non Prisoner) Consent & Registration Form to Receive Documents Electronically" Form contained in the Pro Se Guide.

8. If you move to quash the subpoena, or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you must complete the "Anonymous Pro Se Defendant Information" form attached to this notice and file it with the Clerk of the Court. You should <u>not</u> provide a copy of

8

this form to plaintiff's attorney or file it on the public docket. This information is <u>solely for use by the Court</u> and the Court will <u>not</u> provide this information to plaintiff's attorney unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. The Court has entered a Protective Order in this matter that prevents plaintiff from publicly identifying you, or any person associated with you, other than in connection with pursing its claim in this matter. Plaintiff is further required to file all documents identifying you, or any person associated with you, under a "temporary" seal, subject to "permanent" sealing by this Court. <u>See</u> L. Civ. R. 5.3(c).

11. Since the public has a presumptive right to access documents filed on the Court's docket, the Court must make a determination whether to permanently seal any documents filed with the Court based on a weighing of factors, specifically:

    a. The nature of the materials or proceedings at issue;

9

   b. The legitimate private and public interest which warrant the relief sought;

   c. The clearly defined and serious injury that would result if the relief sought is not available;

   d. Why a less restrictive alternative to the relief sought is not available;

   e. Any prior order sealing the same materials in the pending action; and

   f. The identity of any party or nonparty known to be objecting to the sealing request.

12. Although the Court has ordered plaintiff to be primarily responsible for preparing the motion papers to request permanent sealing of documents, this Court's local rules require the above-factors be set forth with particularly in an affidavit, declaration, certification or other document of the type referenced in 28 U.S.C. § 1746, which must be made by a person with personal knowledge. L. Civ. R. 5.3(c)(3).

13. Accordingly, if you wish to defend this matter anonymously after plaintiff receives your identity from your ISP, you (or, if represented, your lawyer) should contact plaintiff's counsel to assist in preparing such a document. Plaintiff's attorney's contact information is:

   John C. Atkin, Esq.
   The Atkin Firm, LLC
   55 Madison Avenue, Suite 400
   Morristown, NJ 07960
   Tel: (973) 314-8010
   Fax: (833) 693-1201
   JAtkin@AtkinFirm.com

14. The Court has ordered that, if you decline to contact plaintiff's counsel or assist in the preparation of such a document, plaintiff must promptly notify the Court and request a determination of whether any documents filed with the Court should nevertheless be permanently sealed.

15. The Court has ordered that plaintiff may <u>not</u> initiate any settlement negotiations with you.  If you are represented by counsel and you wish to discuss settlement of this matter, your attorney may initiate settlement negotiations with plaintiff.  If you are not represented by counsel and wish to discuss settlement of this matter, the parties may discuss settlement only under the supervision of the Court.

```
                   IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEW JERSEY
                             CAMDEN VICINAGE

STRIKE 3 HOLDINGS, LLC,            :
                                   :
           Plaintiff,              :
                                   :
      v.                           :      Civil No. 19-00895 (NLH/JS)
                                   :
JOHN DOE SUBSCRIBER ASSIGNED       :
IP ADDRESS 76.116.95.148,          :
                                   :
           Defendant.              :
_____:
```

**Anonymous Pro Se Defendant Information**

**Name:**        _____

**Address:**     _____

                 _____

**Phone:**       _____

**Email:**       _____

**Signature:**   _____

**Dated:**       _____